**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:16-cr-0018-WTL-CMM |
| | ) | |
| ANDREW N. ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION FOR ORDER TO SHOW CAUSE WHY THE GOVERNMENT SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER TO PRODUCE GRAND JURY MATERIALS (Dkt. 155)**

---

Defendant Andrew Rogers, by and through undersigned counsel, and pursuant to 18 U.S.C. § 401(3) and Fed. R. Crim. P. 42, respectfully moves the Court for an order to show cause why the government should not be held in contempt for its willful failure to comply with this Court's orders to disclose grand jury materials. Mr. Rogers further states as follows:

## I.      Background

On October 10, 2017, Mr. Rogers filed a motion seeking an order for the government to disclose certain grand jury materials. (Dkt. 50.) On January 24, 2018, the Court granted that motion. (Dkt. 90.) A week later, the government filed a motion asking the Court to reconsider that order. (Dkt. 96.) After full briefing, on March 16, 2018, the Court denied the government's motion for reconsideration. (Dkt. 111.) On March 29, 2018, the government appealed the Court's order. (Dkt. 116.) On the day the government's response to Mr. Rogers' motion to dismiss the appeal was due, the

government voluntarily dismissed the appeal. *United States v. Rogers*, No. 18-690, Government's Motion to Dismiss Appeal, Doc. 12 (7th Cir. May 2, 2018).

As of May 30, 2018, despite several requests after the government dismissed the appeal, the government still had not produced the materials required by this Court's order. Finally, on May 31, 2018—after requiring the defense to pay for both the defense and government copies of the transcript—the government produced a 27-page transcript of grand jury proceedings (inclusive of cover and signature pages). The transcript includes government counsel's initial verbal instructions to the grand jury, and it references written instructions being provided to the grand jury. The transcript also references a later conversation that government counsel intends to have with the grand jurors. The government did not at that time (or prior thereto) produce any other ordered grand jury materials, including the exhibits admitted before the grand jury, the referenced instructions, the grand jury minutes, or a transcript of the referenced conversation to come.

On June 5, 2018, the Court issued its Order Regarding Disclosure of Grand Jury Materials. (Dkt. 155.) In that Order, the Court reiterated its prior order that the government:

> provide the testimony and corresponding exhibits presented to the grand jury that issued the Indictment, Government counsel's colloquy with the grand jury, grand jury minutes, instructions provided to the grand jury, and any argument by Government counsel to the grand jury.

(Dkt. 155.) The Court ordered that the government was to provide all these materials within 7 days of the date of the Court's order. (Dkt. 155.)

To date, the government still has not provided anything other than the aforementioned 27-page transcript.

**II.     The Court should order the government to show cause why it should not be held in contempt for its willful failure to comply with this Court's order that it produce all of the referenced grand jury materials.**

The Court's order is perfectly clear as to what the government is to produce. Nevertheless, the government has failed to produce the ordered materials and has not sought any extension of time to do so.  Unfortunately, in this most serious of cases, this is part of a pattern regarding the government's compliance with discovery, which does not seem likely to end without strong intervention by the Court.

The government's willful disobedience of this Court's order is contemptuous. "Criminal contempt is established when: (1) there is a clear and definite order, and the contemnor knows of the order, and (2) the contemnor willfully disobeys the order." *Chapman v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 195 (9th Cir. 1979) (citations omitted).

Here, the Court's order was clear.  The Court ordered the government to produce certain categories of grand jury materials.  (Dkt. 90, 155.)  The Court set a deadline by which the government was to comply.  (Dkt. 155.)  The government did not object to that deadline or seek an extension.  Rather, the government willfully disobeyed that order by refusing to comply.

If government counsel had questions regarding the Court's order or needed extra time to comply, the proper course was not simply to fail to comply.  As the Supreme Court has held:

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.  If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.  Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

. . .

> Counsel may object to a ruling. An objection alerts opposing counsel and the court to an issue so that the former may respond and the latter may be fully advised before ruling. But, once the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders.

*Maness v. Meyers*, 419 U.S. 449, 458-59 (1975) (citation omitted); *see also Alexander v. Chicago Park Dist.*, 927 F.2d 1014, 1025 (7th Cir. 1991) ("Parties must obey court orders regardless of their validity, unless the orders are stayed pending appeal."). The Seventh Circuit has held that the duty of compliance recognized by *Maness* "is particularly important when Government officers are involved, for '[t]he greater the power that defies the law the less tolerant can this Court be of defiance.'" *United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942, 949 (7th Cir. 1978) (alteration in original) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 312 (1947)).

The United States Department of Justice is not above the law it is tasked with executing. The government has shown a disturbing pattern of disrespect and disregard for this Court's orders. The Court should accordingly order the government to show cause why it should not be held in contempt for its failure to comply with the Court's order to produce the specified grand jury materials. *See* Fed. R. Crim. P. 42(a)(1) (procedure for notice regarding criminal contempt).

Because a show cause order would be directed to government counsel, the Court should also appoint special prosecutor to prosecute the contempt under Fed. R. Crim. P. 42(a)(2).

4

DATED this 20th day of June 2018.

Respectfully submitted,

*S/Nathan D. Chambers*
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 825-2222
Facsimile: (303) 825-4010
nchambers@nathanchamberslaw.com

*S/Patrick J. Burke*
Patrick J. Burke
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 825-3050
Facsimile: (303) 825-2992
Patrick-J-Burke@msn.com

*S/Monica Foster*
Monica Foster
Indiana Federal Community
Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: 317-383-3520
Facsimile: 317-383-3525
Monica_Foster@fd.org

*S/Gwendolyn M. Beitz*
Gwendolyn M. Beitz
Indiana Federal Community
Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: 317-383-3520
Facsimile: 317-383-3525
Gwendolyn_Beitz@fd.org

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing MOTION FOR ORDER TO SHOW CAUSE WHY THE GOVERNMENT SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER TO PRODUCE GRAND JURY MATERIALS (Dkt. 155) was filed electronically this 20th day of June 2018.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*S/Monica Foster*
Monica Foster