UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 2:16-cr-18-WTL-CMM-1 |
| ANDREW N. ROGERS, | ) ) ) |
| Defendant. | ) |

**ENTRY ON SECOND SUPPLEMENTAL MOTION FOR SPECIFIC DISCOVERY**

This cause is before the Court on Defendant Andrew Rogers' Second Supplemental Motion for Specific Discovery (Dkt. No. 221). The Government responded to this motion in its Notice of Good Faith Compliance With July 25, 2018 Order (Dkt. No. 226), and Rogers' reply is contained in Docket No. 227. The motion is **GRANTED IN PART** and **DENIED IN PART** as set forth below.[1]

### I. DISCOVERY ITEMS REQUESTED

The Court will address each discovery item, in turn, below. The Government has not specifically objected to any item; rather, it relies on its previous objection, namely that the items Rogers seeks are not material.

> *213. Any and all documents reflecting progress and outcomes for inmates placed in the Bureau of Prisons (BOP) Mental Health Step Down Unit Program*

The Court finds that Rogers has not made a prima facie showing of materiality, and the Government need not produce this information.

---

[1] The Court discussed the applicable standards in its initial entry on Rogers' motion for specific discovery (Dkt. No. 242), and it will not repeat that information in this Entry. The Court's procedure for any Protected Items also applies to the items below that the Government is ordered to provide.

*214. Any and all documents reflecting the number of inmates who were placed in protective custody and later returned to general population in the BOP for the dates January 1, 2003, through December 31, 2013*

The Court finds that Rogers has not made a prima facie showing of materiality, and the Government need not produce this information.

*215. Any and all documents reflecting the number of inmates who were placed in protective custody and were later assaulted in the BOP for the dates January 1, 2003, through December 31, 2013*

The Court finds that this request is overbroad and limits the request to USP-Terre Haute from the time period of January 1, 2009, to December 31, 2013. The Court finds that Rogers has made a prima facie showing of materiality as to this limited set of documents. The Government shall produce this information.

*216. Any and all documents reflecting inmates associated with the Soldiers of Aryan Culture (S.A.C.) who were placed in protective custody and later returned to general population in the BOP for the dates January 1, 2003, through December 31, 2013*

The Court finds that Rogers has not made a prima facie showing of materiality, and the Government need not produce this information.

*217. Any and all documents reflecting inmates associated with the Soldiers of Aryan Culture (S.A.C.) who were placed in protective custody and were later assaulted in the BOP for the dates January 1, 2003, through December 31, 2013*

The Court finds that this request is overbroad and limits the request to USP-Terre Haute from the time period of January 1, 2009, to December 31, 2013. The Court finds that Rogers has made a prima facie showing of materiality as to this limited set of documents. The Government shall produce this information.

> 218. *Any and all documents relating to inmate-on-inmate stabbings in BOP institutions from January 1, 2003, through December 31, 2013, including, without limitation, documents relating to inmates who suffered multiple stab wounds but did not die from those wounds*

The Court finds that this request is overbroad and limits the request to the time period of January 1, 2009, to December 31, 2013. The Court finds that Rogers has made a prima facie showing of materiality as to this limited set of documents. The Government shall produce this information.

> 219. *Any and all documents reflecting rounds in the Special Housing Unit of USP Terre Haute for the dates September 9, 2013, through December 26, 2013, including, without limitation, BOP forms BP-A0292*

The Court finds that Rogers has made a prima facie showing of materiality. The Government shall produce this information.

> 220. *Any and all documents reflecting cell rotations or cell movement in the Special Housing Unit of USP Terre Haute for the dates of September 9, 2013, through December 26, 2013, including, without limitation, forms PP34*

The Court finds that Rogers has made a prima facie showing of materiality. The Government shall produce this information.

> 221. *Any and all SENTRY entries relating to Special Housing Unit housing of Thomas Sim at any BOP facility*

The Court finds that this request is overbroad and limits the request to USP-Terre Haute. The Court finds that Rogers has made a prima facie showing of materiality as to this limited set of documents. The Government shall produce this information.

> 222. *Any and all SENTRY entries for cell movement of Thomas Sim for any BOP facility, including without limitation all forms PP34 associated with Thomas Sim*

The Court finds that this request is overbroad and limits the request to USP-Terre Haute. The Court finds that Rogers has made a prima facie showing of materiality as to this limited set of documents. The Government shall produce this information.

> 223. Any and all SIS investigation files relating to Thomas Sim for any BOP institution where Mr. Sim was incarcerated, including, without limitation, the following: FCI Mariana, FCC Allenwood, USP Lewisburg, FCI Fairton, FCI Cumberland, FCC Butner, FCC Terre Haute, FCI Englewood, FDC Englewood, FTC Oklahoma City, FCC Lompoc, MCFP Springfield, USP Atwater, FCC Victorville, FCI Memphis, FCC Beaumont, FCC Coleman, FCC Florence, MCC San Diego

The Court finds that Rogers has made a prima facie showing of materiality. The Government shall produce this information.

> 224. Any and all documents reflecting audits of the Special Housing Units at FCC Terre Haute for the dates January 1, 2010, to present

The Court finds that this request is overbroad and limits the request to the time period of January 1, 2009, to December 31, 2013. The Court finds that Rogers has made a prima facie showing of materiality as to this limited set of documents. The Government shall produce this information.

> 225. Any and all TruIntel Forms 583 relating to the Special Housing Units at FCC Terre Haute for the dates January 1, 2010, to present

The Court finds that Rogers has not made a prima facie showing of materiality, and the Government need not produce this information.

> 226. Any and all information relating to any investigation of FCC Terre Haute Special Housing Unit correctional officers or other Special Housing Unit staff for the period of September 1, 2013, through February 28, 2018. This request includes, but is not limited to, investigations that Special Housing Unit correctional officers were aware of or assisting inmates in the possession of contraband, including alcohol or drugs.

The Court finds that Rogers has made a prima facie showing of materiality. The Government shall produce this information.

> 227. Any and all information relating to any investigation of FCC Terre Haute Special Housing Unit correctional officers or other Special Housing Unit staff who had contact with Andrew Rogers while he was housed in the Special Housing Unit

The Court finds that Rogers has made a prima facie showing of materiality. The Government shall produce this information.

*228. Any and all records reflecting implementation of the BOP Records and Information Disposal Schedule (BOP-RIDS) at FCC Terre Haute for the dates January 1, 2013, to present*

The Court finds that Rogers has made a prima facie showing of materiality. The Government shall produce this information.

SO ORDERED: 12/19/2018

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copy to counsel of record via electronic communication

.