UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V.                                )<br>)<br>)<br>ANDREW N. ROGERS,          )<br>)<br>Defendant.         ) | Cause No. 2:16-cr-0018-WTL-CMM |

**GOVERNMENT'S MOTION
TO RECONSIDER COURT'S ORDER TO
PRODUCE SPECIFIC DISCOVERY ITEMS (DOC. 242)**

The United States of America, by counsel, respectfully submits this motion to reconsider the Court's Order of December 4, 2018 ("12/04/18 Order") to produce specific discovery items (Docket 242). The Government states as follows:

1. On September 21, 2017, Defendant submitted a motion for specific discovery (Docket 49). Among the items sought were the following:

(1) Item 49 - Any and all documents relating to BOP guidelines for assessing, classifying, and validating an inmate as a gang/STG member, associate, or affiliate for the period of January 1, 2009, through December 31, 2013;

(2) Item 52 - Any and all documents relating to the philosophy, practices, and activities of the Soldiers of Aryan Culture or SAC in the BOP;

(3) Item 110 - Any and all documents relating to formal and informal materials and investigative materials maintained by the SIS/SIA office at USP Terre Haute regarding specific inmates, including, without limitation, STG and/or suspected gang activity;

(4) Item 111 - Any and all documents contained in or relating to the Posted Picture Files, STG files, AIMS information, Disruptive Group Validation packages and information, cell assignment records, and Presentence Investigation Reports regarding specific inmates;

(5) Item 120 - Any and all documents relating to the August 18, 2014, disassociation interview with Jeremy Edwards, potentially kept on file at the Sacramento Intelligence Unit;

(6) Item 121 - A copy of the autobiography provided by Jeremy Edwards on or about July 29, 2014; and

(7) Item 122 - A copy of a letter to Joshua "Red" Daly relating to Jeremy Edwards, with an Item Number DC-14-00286 and an Evidence Number DC-14-00280.

2. The Government in its response (Docket 57) objected to the above-listed items primarily on the basis that the requests were vague, burdensome, and overbroad. While the Government alluded to security concerns relating to the production of these items, the Government was not then aware of the full scope of the security issues associated with production of those items.

3. On December 4, 2018, the Court issued an Order that the requested specific items be produced with certain minor limitations ("12/04/18 Order").

4. In the course of gathering the responsive discovery, the Government has been made aware of the full scope of the security ramifications if the items were disclosed. Kevin Schwinn, Chief of the Intelligence Section of the Correctional Services of the BOP, highlights some of those concerns in his declaration ("Declaration"), which is being filed contemporaneously *ex parte* and under seal.

5. Although the above-listed materials related to security are unclassified, they are sensitive and release poses an unacceptable risk to the safety, security, and operations of federal corrections institutions. *See* Declaration. Another concern is that the responsive materials contain BOP investigative methodology and techniques, including detailed security procedures of the agency. *See id.* If such material is released it would provide information to individuals engaged in criminal activity that would lead them to alter their activities or methodologies to avoid detection. *See id.* Finally, redactions would be inadequate to protect these security interests. The responsive discovery involves identities of individuals who are no longer engaged in criminal activity and are thus at grave risk of harm. *See id.* The information these responsive documents contain about such individuals is extensive and even redactions are inadequate to mask the identity of these former gang members. *See id.*

6. For all of these reasons, and as detailed in the Declaration, the Government respectfully moves the Court to reconsider its ruling ordering the Government to produce items 49, 52, 110, 111, 120, 121, and 122. Due to the security concerns highlighted in the Declaration, the responsive materials cannot be produced without creating grave security risks. Therefore, the Government requests the Court enter an order denying Defendant's request for those items.

WHEREFORE, the United States respectfully requests that the Court reconsider its ruling in Docket 242 and enter an order denying Defendant's request for items 49, 52, 110, 111, 120, 121, and 122.

                                         Respectfully submitted,

                                         JOSH J. MINKLER
                                         United States Attorney

By:    /s/   Abhishek S. Kambli
          Abhishek S. Kambli
          Assistant United States Attorney

          /s/   William L. McCoskey
          William L. McCoskey
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the applicable parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.   Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

By:    s/ William L. McCoskey
          William L. McCoskey
          Assistant United States Attorney
          Office of the United States Attorney
          10 W. Market St., Suite 2100
          Indianapolis, Indiana 46204-3048
          Telephone: (317) 226-6333
          Email:William.mccoskey@usdoj.gov