UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:16-cr-0018-WTL-CMM |
| | ) | |
| ANDREW N. ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MR. ROGERS' REPLY IN SUPPORT OF HIS MOTION TO EXCLUDE GOVERNMENT EXPERT TESTIMONY AT MAY 2019 HEARING (Dkt. 363)**

Defendant Andrew Rogers, respectfully files this Reply in support of his Motion to Exclude Government Expert Testimony at May 2019 Hearing (Dkt. 363). The government has filed a Response (Dkt. 375). Counsel further state as follows:

**I.      The Federal Rules of Evidence apply to the upcoming hearing.**

The government's primary argument is that the Court should not analyze the admissibility of Judge Murphy's testimony under Fed. R. Evid. 702 because, it claims, the Court "is not bound by the Federal Rules of Evidence at the evidentiary hearing." (Dkt. 375 at 1.) The government claims that Mr. Rogers' Motion "is founded on a misapprehension of the governing law" because, it asserts, Rule 702 applies only to expert testimony at trial. (*Id.*) The government cites no legal authority in support of these contentions. The government's argument is erroneous. By their very terms, the Federal Rules of Evidence do apply to hearings such as that about to be held.

As an initial point, it is worth noting that the government's position on whether the Rules of Evidence apply to the upcoming hearing shifts filing by filing. While the

government now claims the Rules do not apply, in the Government's Objections as to Defendant's Witnesses and Exhibits, the government relied on Fed. R. Evid. 801 and 802 to "object[] to the testimony of any witness to the extent the testimony is based on information provided by/obtained from other witnesses and constitutes hearsay." (Dkt. 335 at 1-2.)  The government likewise objected to the introduction of deposition transcripts because they "are inadmissible hearsay if the witnesses do not testify.  Rule 801, Fed. R. Evid." (Dkt. 335 at 20.)  The government offers no explanation to square these arguments with its current position that the Rules of Evidence do not apply.

In any event, the Rules do apply to this evidentiary hearing, which is about whether the Court need impose a remedial sanction—including striking the Notice of Intent to Seek the Death Penalty or dismissing the indictment—in light of the government's past misconduct and its continuing failure to demonstrate that either it understands its obligations or will comply with such obligations.  Federal Rule of Evidence 101 states that the Rules "apply to proceedings in United States courts."  Fed. R. Evid. 101(a).  The specific proceedings to which the Rules apply are set forth in Rule 1101.  Rule 1101 states that the Rules apply (1) to proceedings before United States district courts and (2) in criminal cases and proceedings.  Fed. R. Evid. 1101(a) & (b).  The upcoming hearing is a proceeding before a United States district court, and it is a criminal case and proceeding.  Rule 1101(d) sets forth three categories of exceptions, none of which apply here.

The government's reliance on Fed. R. Evid. 104(a) is misplaced.  (Dkt. 375 at 1-2.)  By its terms, Rule 104(a) applies to "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."  As the government

recognizes, the upcoming hearing "is not an evidentiary hearing on whether Judge Murphy's testimony should be admissible at trial." (Dkt. 375 at 1.) In making this argument, the government demonstrates why Rule 104(a) is *inapplicable* to the upcoming hearing and the Federal Rules of Evidence under Rules 101 and 1101 *are applicable*.

If the upcoming hearing were about the admissibility of Judge Murphy's testimony at trial, the government would be correct, and Rule 104(a) would govern and the Rules of Evidence would not apply to preliminary questions of admissibility. In such a context, Rule 104(a) simply means that in making the preliminary determination whether Judge Murphy's testimony is admissible the Court would not need to apply the Rules of Evidence and could consider information such as hearsay—like the unrebutted assertion that Judge Murphy has never worked on a death penalty case as a lawyer or a judge. (*See* Dkt. 363 at 5.)

But that is not what the hearing is about. Neither is this hearing about "whether evidence should be excluded based on alleged government misconduct." (Dkt. 375 at 1.) Mr. Rogers frankly has no idea what the government is talking about and is at a loss for where the government could have come up with this notion.

In line with what is at least a partial purpose for this hearing, the government seeks to offer Judge Murphy's testimony to tell this Court whether some of the government's suppression of favorable information amounts to prosecutorial misconduct or a *Brady* violation. (*See* Dkt. 375 at 2.) This does not fall under the ambit of Rule 104(a) or Rule 1101(d). Thus, Rule 702 will apply at the upcoming hearing. The government does not argue that the proposed testimony is admissible under Rule 702.

### II. The Seventh Circuit has held that arguments about legal issues belong in briefs, not in expert reports or testimony.

In his Motion, Mr. Rogers cited multiple cases for the proposition that expert testimony on legal issues is not admissible and not helpful to the factfinder. (Dkt. 363 at 6-7.) The government responds to none of this authority. Rather, the government analogizes to a bench trial in a medical malpractice case where the judge was a licensed physician. (Dkt. 375 at 3.) This analogy is inapt for many reasons, but most fundamentally it both misrepresents the nature of the testimony offered here and fails to acknowledge binding authority from the Seventh Circuit.

The government would have Judge Murphy opine on the ultimate legal conclusions for this Court—whether the government's actions "constitute[] government misconduct" and whether the government's actions "constitute[] a *Brady* violation." (Dkt. 375 at 2; *see also* Dkt. 375 at 4 (stating that Judge Murphy would opine on whether the preparation/production of AUSA Warden's statement "was a *Brady* violation"); *id*. at 3 stating that Judge Murphy's testimony would be "that the preparation/production of AUSA Warden's submission was not a *Brady* violation . . .").)[1] These are not proper subjects for expert testimony.

What the government proffers as Judge Murphy's testimony are quintessential legal decisions for this Court to make. The proffered expert testimony would not aid the

---

[1] What opinions Judge Murphy would actually offer appears to be a moving target. In its summary, the government indicated Judge Murphy would opine not only about the delayed disclosure of AUSA Warden's "submission" but also about AUSA Glickman's participation in misrepresentations to the Court regarding the re-interviews of FCC Terre Haute employees. (Dkt. 363-1 at 3-4.) Now, however, the government asserts that Judge Murphy's testimony would be limited to whether "the preparation/production of AUSA Warden's submission" constitutes "government misconduct" or "a *Brady* violation." (Dkt. 375 at 2.)

4

factfinder (this Court) in understanding any *factual* matter. "Witnesses testify about fact, not law." *United States v. Johnson*, 223 F.3d 665, 671 (7th Cir. 2000). Thus, the Seventh Circuit has held that it is not appropriate to have an expert opine on legal conclusions, whether at trial or pretrial. In *RLJCS Enterprises, Inc. v. Prof'l Ben. Tr. Multiple Employer Welfare Ben. Plan & Tr.*, 487 F.3d 494, 496 (7th Cir. 2007), which Mr. Rogers quoted in his Motion (Dkt. 363 at 6), the Seventh Circuit reviewed the district court's grant of summary judgment. The Seventh Circuit held that the expert testimony was inappropriate. *RLJCS Enterprises*, 487 at 498; *see also Indiana ex rel. Naylor v. Indiana State Teachers Ass'n*, 950 F. Supp. 2d 993, 1001 (S.D. Ind. 2013) (cautioning that "an expert may not testify as to whether the legal standard itself has been satisfied" and excluding expert testimony from consideration on summary judgment). Thus, regardless what knowledge this Court may have, the proffered subject matter is not appropriate for expert testimony.

In fact, Judge Murphy has himself repeatedly been excluded as an expert in part because "many of Murphy's opinions and statements . . . are nothing more than inadmissible legal conclusions." *Turubchuk v. E.T. Simonds Constr. Co.*, No. 12-CV-594-SMY-DGW, 2017 WL 4784653, at *3 (S.D. Ill. Oct. 24, 2017), *reconsideration denied*, No. 12-CV-594-SMY-DGW, 2017 WL 4990589 (S.D. Ill. Nov. 2, 2017); *see also Turubchuk v. E.T. Simonds Constr. Co.*, No. 12-CV-594-SMY-SCW, 2018 WL 5437711, at *8 (S.D. Ill. Oct. 29, 2018) ("Murphy's reports were replete with irrelevant opinions, inadmissible legal conclusions, and rank speculation."); *Turubchuk v. E.T. Simonds Constr. Co.*, No. 12-CV-594-SMY-DGW, 2018 WL 1211805, at *2-3 (S.D. Ill. Mar. 8, 2018) (striking supplemental report of Judge Murphy and excluding his testimony

where, *inter alia*, opinions were "irrelevant and an inadmissible legal conclusion" or were "speculative and lack[e]d a proper foundation"; for opinions that might be relevant, Judge Murphy "lack[ed] the requisite training, education and experience" to render an opinion); *Downing v. Goldman Phipps PLLC*, No. 4:13 CV 206 CDP, 2017 WL 1047375, at *3 (E.D. Mo. Mar. 20, 2017) (excluding testimony of Judge Murphy because it was "simply legal opinion or argument, and is not helpful to the trier of fact"); *Turubchuk v. E.T. Simonds Constr. Co.*, No. 12-CV-594-SMY-SCW, 2016 WL 1029371, at *4 (S.D. Ill. Mar. 15, 2016) ("The Court finds that Murphy's second opinion invades on the province of the Court to interpret the requirements of Rule 26. Whether Green complied with Rule 26 is a question of law that is clearly reserved for this Court. Similarly, whether Plaintiffs' Counsel's actions were 'negligent' is also an inadmissible legal conclusion which Mr. Murphy may not proffer.").

Here, Judge Murphy would similarly offer opinions on ultimate legal conclusions that are solely the province of this Court. If Judge Murphy wants to help the government craft its legal arguments, that is perfectly appropriate. But testimony is not.

### III.     The government continues to fail to demonstrate an understanding of the *scope* of *Brady* in the death penalty context.

The government erroneously contends that Mr. Rogers argues that there is a different *Brady standard* in capital cases. (Dkt. 375 at 3.) But that is not what Mr. Rogers argues (*see* Dkt. 375 at 5-6), and the fact that the government now makes this specious argument shows that it still does not get the point: the *scope* of what information may be favorable to the defense is different in the context of a capital case because anything that might undermine an aggravating factor or might be mitigating is favorable and must be disclosed. *See, e.g.*, *United States v. Karake*, 370 F. Supp. 2d

6

275, 281 (D.D.C. 2005) (chastising the government for its narrow interpretation of *Brady* and for making an argument that "completely ignores the striking breadth of [an] aggravating factor" and ruling, "In short, if the jury is going to consider an aggravating factor, defendant must be provided with evidence in the government's possession to rebut that factor.").[2]

### IV. The government's expert summary as well as its Response fail to show either that Judge Murphy is qualified to render opinions in this case or that he applied a reliable methodology in arriving at his opinions.

In addition to mischaracterizing Mr. Rogers' argument about the scope of *Brady* obligations in a death penalty case, the government fails to offer any evidence that Judge Murphy has ever had any dealing with a federal death penalty case (or any death penalty case). The government seems to think this does not matter.

The government appears to admit that its obligation to disclose favorable evidence in a trial posture is not dependent on a post-conviction materiality analysis. (Dkt. 375 at 3-4.) But the government asserts that Judge Murphy will opine that there was no *Brady* violation because the defense now has AUSA Warden's "submission." (*Id*. at 4.) This misses the point. Judge Murphy surely cannot assure this Court that the government now understands and will comply with its obligations in this most serious of cases. That is why it matters that any expert understand the government's obligations in a case like this.

---

[2] Contrary to the government's contention (Dkt. 375 at 3), Mr. Rogers cited authority for the proposition that ""[i]ssues of what the government is required to disclose in a death penalty case are different than what the government is required to disclose in an ordinary criminal case because of the scope of mitigating evidence." (Dkt. 363 at 5-6 (citing cases).)

As the proponent of the expert testimony, the government bears the burden of "establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702, advisory committee's note (2000 Amends.); *see also Krik v. Exxon Mobil Corp.*, 870 F.3d 669, 673 (7th Cir. 2017) ("The party seeking to introduce the expert witness testimony bears the burden of demonstrating that the expert witness testimony satisfies the standard by a preponderance of the evidence.").

Notably, the government's expert summary does not even describe how Judge Murphy arrived at his opinions. Rather, it just states case law on which he relies.[3] Judge Murphy has previously been excluded as an expert because he failed to "explain the methodology or principles that support[ed] his conclusions," but instead, as here, "merely assert[ed] bottom line conclusions . . . ." *Turubchuk*, 2017 WL 4784653, at *3.

Moreover, the *Turubchuk* court held that "Murphy's experience-based testimony does not satisfy Daubert's reliability standard because he has not tied any specific aspects of his experience to his conclusions." *Id*. Likewise here, Judge Murphy has not tied any specific aspects of his experience as a judge to his conclusions. There is nothing in his report that explains his experience with *Brady* matters or prosecutorial misconduct. The defense had to go and investigate his experience. (*See* Dkt. 363 at 5.) And the government does not dispute that Judge Murphy is *less experienced* and *less qualified* than this Court.

Having served as a judge does not itself make one an expert in *Brady* and prosecutorial misconduct. From all known information, Judge Murphy has never served

---

[3] Obviously, if case law is the basis for an expert's opinion, then the opinion is a legal conclusion reserved to this Court.

8

as a prosecutor, never served as a criminal defense attorney, and never presided over a death penalty case.[4] In his original expert disclosure in the *Turubchuk* case, Judge Murphy touted his experience having "prosecuted and defended many *insurance coverage* cases as well as presided over many such cases as a Federal Judge." FRCP 26(a)(2)(B) Report, *Turubchuk v. E.T. Simonds Constr. Co.*, No. 12-CV-594-SMY-SCW, Dkt. 94-1, at 1 (S.D. Ill. Dec. 1, 2014) (emphasis added). There is *nothing* in the government's expert summary, his C.V., or the government's Response to indicate what experience Judge Murphy has with either of the topics about which he would opine, just a generic statement about relying on "training [and] experience." (Dkt. 363-1 at 4, 5.)

If expert testimony on the proposed topics were appropriate, there are people out there qualified to testify on them. The government has not established by a preponderance of the evidence that Judge Murphy is one. He may have been a fair jurist, and he may be a competent insurance-coverage litigator, but the government has made no showing whatsoever that he is qualified to opine on the topics for which he has been offered.

### V. The government refuses to disclose documents forming the basis for Judge Murphy's opinions.

In response to a defense request, on April 17, 2019, the government provided the defense with a list of materials provided to Judge Murphy, which form the basis of the opinions he would offer. A copy of that list and the cover email is attached hereto as Exhibit 1. The government stated that it was asserting work product privilege regarding two of the items on that list. (Ex. 1 at 1.) The defense requested that the government

---

[4] The website for Judge Murphy's law firm states that *his wife* has substantial experience defending individuals charged with serious crimes, but it makes no such statement about him. http://www.murphymurphyllc.com (last visited April 21, 2019).

provide all items provided to Judge Murphy that the defense did not already possess, including the two items the government claimed were protected as work product.  (*See* Email exchange between Monica Foster and William McCoskey, April 18 & 22, 2019, attached as Exhibit 2.)  The defense explained that the government cannot claim work product for items it has provided to a testifying expert.  (*See* Ex. 2 at 2 (citing *Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 637-41 (N.D. Ind. 1996) (disclosure of work product to expert waived any privilege); *United States v. Thompson*, 923 F.Supp. 144 (S.D. Ind. 1996) (government was required to produce documents to the extent documents formed bases and reasons for government expert's opinion, despite documents' potential status as work product)).)  On the afternoon of April 22, the government informed defense counsel that it was providing three requested items but would continue to withhold two items under a claim of privilege.

Counsel for Mr. Rogers have reviewed the items produced, and it is clear that there are items on which Judge Murphy has relied as the basis for his opinions but which the government refuses to provide.  For example, in the summary of Judge Murphy's opinions, the government states that Judge Murphy will opine regarding the following:

> Nov. 20, 2015--AUSA Warden reported the results of his interview to the USA and other supervisors in the USAO[.]

(Dkt. 363-1 at 3.)  But nothing the government has provided and nothing that has come out in, *e.g.*, depositions indicates that Mr. Warden reported the results of his interviews with the BOP personnel to both U.S. Attorney Minkler and multiple supervisors on November 20, 2015.  In his deposition, Mr. Warden testified that he briefed the U.S. Attorney on his interviews, but he never stated on what date this occurred.  Mr. Warden

10

also testified that his "best recollection" was that Mr. Vaughn was present when he briefed the U.S. Attorney, but he never stated that any other supervisors were present. Judge Murphy, however, appears to have reviewed something that will allow him to opine about a specific meeting on a specific date with specific people present.

The government cannot both make use of documents to form the basis of expert opinions and claim a privilege over those same documents. Because the government refuses to disclose documents that form the basis for Judge Murphy's opinions, the Court should exclude Judge Murphy's testimony.

### VI. The government fails to establish admissibility under Fed. R. Evid. 403.

In his Motion, Mr. Rogers argued that Judge Murphy's testimony is not admissible under Rule 403 because, *inter alia*, it would "result in a confusion *of the issues* before the Court." (Dkt. 363 at 12 (emphasis added)); *see* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . *confusing the issues*[.]" (emphasis added)). In what can only be seen as a desperate attempt to turn the tables (or Freudian projection) after all of its own misconduct in this case, the government perverts Mr. Rogers' argument to assert that he "claims that the testimony should be excluded because it would surely befuddle and confuse the Court." (Dkt. 375 at 4.) Obviously, Mr. Rogers' made no such argument.

The government does not dispute that it obtained authorization for a death sentence on false pretenses. The government does not dispute that in furtherance of taking a man's life, it suppressed favorable evidence and intentionally attempted to mislead this Court in an effort to put an end to the depositions and discovery ordered by

11

the Court, which would in turn expose even more wrongdoings than were known at that time.  And the government does not dispute that it never would have made the disclosures that have now been made were it not for random luck on the part of Mr. Rogers' counsel and orders from this Court to get to the bottom of what was going on.[5]

Still, the government's claim that Mr. Rogers is "keenly focused on sanctioning individual attorneys" (Dkt. 375 at 4) has no basis in fact.  Actually, Mr. Rogers is keenly focused on not having his life taken from him as the result of a corrupt prosecution where the government cannot be trusted to disclose information that could itself undermine the government's case for the death penalty or could lead to information that could undermine the government's case for the death penalty. That said, government lawyers are surely right to be concerned about disciplinary consequences from the Department of Justice Office of Professional Responsibility or state regulatory bodies. But whether U.S. Attorney Minkler, AUSA Glickman, CCS Attorney Peterson, or any other attorney who has engaged in dishonesty or underhanded conduct in the course of this case gets sanctioned is not going to impact the fairness of this case.  What will impact the fairness of this case is if the Court takes steps to ensure that the government not be permitted to take someone's life based on a crooked process.

---

[5] To the extent the government claims that Mr. Rogers has refused to specify the issues for the upcoming hearing (Dkt. 375 at 4), Mr. Rogers directs the government's attention to Dkt. 360, Dkt. 326, Dkt. 161, Dkt. 141, and Dkt. 92.  The government could even look at its own expert summary (Dkt. 363-1).  Additionally, this assertion by the government appears to be an admission (contrary to the government's recently filed Reply in Support of Its Motion for an Order Identifying the Issues to Be Addressed at Evidentiary Hearing (Dkt. 365 at 2 ¶ 4)) that Mr. Rogers' filings are legally sufficient to put the government on notice.  *See Martinez v. City of Chicago*, 823 F.3d 1050, 1055 (7th Cir. 2016).

## VII. Conclusion

Because the government has not carried its burden to demonstrate the admissibility of the proffered expert testimony, the Court should exclude the expert testimony at the upcoming hearing.

WHEREFORE, for the reasons stated in Mr. Rogers Motion and herein, Mr. Rogers asks that the Court exclude the government's proffered expert testimony.

DATED this 23rd day of April 2019.

Respectfully submitted,

*S/Nathan D. Chambers*
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 825-2222
Facsimile: (303) 825-4010
nchambers@nathanchamberslaw.com

*S/Patrick J. Burke*
Patrick J. Burke
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 825-3050
Facsimile: (303) 825-2992
Patrick-J-Burke@msn.com

*S/Monica Foster*
Monica Foster
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: 317-383-3520
Facsimile: 317-383-3525
Monica_Foster@fd.org

*S/Gwendolyn M. Beitz*
Gwendolyn M. Beitz
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: 317-383-3520
Facsimile: 317-383-3525
Gwendolyn_Beitz@fd.org

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing MR. ROGERS' REPLY IN SUPPORT OF HIS MOTION TO EXCLUDE GOVERNMENT EXPERT TESTIMONY AT MAY 2019 HEARING was filed electronically this 23rd day of April 2019.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Monica Foster*
Monica Foster