UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF

v.                                          CRIMINAL NO. 2:16-CR-0018-WTL-CMM
                                            *Filed Electronically*

ANDREW N. ROGERS                            DEFENDANT

### MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF INDIANA JOSH MINKLER

The subpoena Defendant Andrew Rogers served on Josh Minkler, United States Attorney for the Southern District of Indiana, should be quashed because it seeks to require USA Minkler to provide testimony that is irrelevant and privileged. For those same reasons, the Department of Justice denied Defendant's *Touhy* request under the applicable regulations, 16 C.F.R. § 16.21 *et seq.*, USA Minkler is thus not authorized to provide any testimony at the upcoming hearing. The Court should follow precedent from numerous courts over many years and find that Defendant's subpoena seeks testimony about irrelevant and privileged topics and quash the subpoena.

### LEGAL PRINCIPLES

I.  **Courts recognize that Federal Rule of Criminal Procedure 17 empowers courts to quash subpoenas** *ad testificandum.*

Federal Rule of Criminal Procedure 17 does not explicitly provide for a motion to quash a subpoena seeking testimony, but "courts routinely have entertained motions seeking relief and decided them by reference to" the same principles as a subpoena *duces tecum*. *Stern v. United States District Court*, 214 F.3d 4, 17 (1st Cir. 2000). To be enforceable, the party seeking testimony must show that a subpoena seeks testimony that is both "relevant and material." *United States v. Peavler*, 2017 WL 1018304, 2017 U.S. Dist. LEXIS 221250, at *6 (Mar. 10,

1

2017 E.D. Ky.) (quoting *United States v. Santistevan*, 2012 WL 2875949, 2012 U.S. Dist. LEXIS 97344, at *2-3 (D. Colo. July 12, 2012)).[1] Defendant cannot show that USA Minkler's testimony on the identified topics would be relevant or material. Thus, the subpoena served upon him should be quashed. Further, it is on that basis that the Department of Justice, under its *Touhy* regulations, specifically 28 C.F.R. 16.26(a)(1), has not authorized USA Minkler to testify.

II.  **The Justice Manual does not provide Defendant any substantive or procedural rights**.

The capital case review process helps the Attorney General exercise prosecutorial discretion, but neither that process nor the Justice Manual in general provide defendants any substantive or procedural rights. The Justice Manual explicitly states it exists to provide "internal DOJ guidance" and it does not confer any substantive or procedural rights. Justice Manual 1-1.200. Every circuit agrees that no remedy is available for a violation of the capital case review process. *See United States v. Slone*, 969 F. Supp. 2d 830, 834, n.2 (E.D. Ky. 2013); *see, e.g.*,

- "Several sister circuits have held that the Department of Justice guidelines and policies do not create enforceable rights for criminal defendants." *United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009) (citing cases from the 1st, 2nd, 6th, 9th, and DC Circuits);

- "We agree with those courts which have concluded that the death penalty protocol is unenforceable by individuals. Since the death penalty protocol does not create individual rights that Lee can enforce, any violation of it was not a basis on which the district court could issue its conditional order for a new penalty hearing." *United States v. Lee*, 274 F.3d 485, 493 (8th Cir. 2001) (internal citations omitted);

- "The courts have consistently refused to recognize any such rights with respect to many of the policies and practices described in the Manual." *Nichols v. Reno*, 931 F. Supp. 748, 751-52 (D. Colo. 1996), *aff'd*,124 F.3d 1376 (10th Cir. 1997));

- "The Supreme Court has delineated a very limited scope for our supervisory powers; *Williams,* in particular, clearly circumscribes the application of that power

---

[1] *See also United States v. Manghis*, 2010 WL 349583, 2010 U.S. Dist. LEXIS 12069, at *4 (D. Mass. Jan. 22, 2010) (noting that Rule 17 does not provide for a motion to quash but holding that a party should not be allowed to subpoena a witness whose testimony would be irrelevant); *United States v. Kumar*, 2019 WL 1486365, 2019 U.S. Dist. LEXIS 57207, at *11-12 (E.D.N.C. Apr. 3, 2019) (same).

to cases involving the violation of the Constitution, applicable statutes, and the Federal Rules of Criminal Procedure. The prosecutor's failure to provide Gillespie with target warnings in contravention of the Department's internal policy is not error of the nature that calls for the exercise of our supervisory powers." *United States v. Gillespie*, 974 F.2d 796, 801 (7th Cir. 1992) (citing *United States v. Williams*, 504 U.S. 36 (1992));

- "As part of the U.S. Attorney's Manual, the [Death Penalty Protocol] merely guides prosecutorial discretion, creating no legal rights. . . . "Like executive orders, the [Death Penalty Protocol] is not judicially enforceable because it is expressly designed only to enhance the DOJ's internal management." *Slone*, 969 F. Supp. 2d at 834;

- "The USAM does not confer upon a defendant any constitutionally protected substantive or procedural rights." *United States v. Hardrick*, 2011 WL 2516340, 2011 U.S. Dist. LEXIS 66657, at *5-6 (E.D. La. June 22, 2011) (citing cases from the 1st, 5th, 8th, and 9th Circuits);

- "Because DOJ's death penalty procedures do not create enforceable substantive or procedural rights for Defendant, the refusal to disclose the information is a matter of prosecutorial discretion unreviewable by the courts . . . ." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1252 (D.N.M. 2008);

- "There is generally no basis for judicial enforcement of internal DOJ guidelines. It is well-settled that DOJ policy, as manifested in the U.S. Attorney's Manual, does not create any substantive or procedural rights, including discovery rights. . . . Courts have uniformly and quite firmly determined these internal guidelines do not create any rights in criminal defendants." *United States v. Sylvester*, 2008 U.S. Dist. LEXIS 42188, at *16-17 (E.D. La. May 27, 2008) (citing numerous cases).

- "Case law is clear on this point: the [DOJ] guidelines, like any other provision in the USAM, do not create any substantive rights." *United States v. Furrow*, 100 F. Supp. 2d 1170, 1178 (C.D. Cal. 2000) (citing other cases);

- "[T]he decision to seek the death penalty under the [Federal Death Penalty] Act is a matter of prosecutorial discretion. The Protocol did not create any individual right or entitlement subject to the due process protections applicable to an adjudicative or quasi-adjudicative governmental action." *United States v. McVeigh*, 944 F. Supp. 1478, 1483 (D. Colo. 1996);

- "The government responds that the decision whether or not to seek the death penalty for a death-eligible defendant is firmly within the core of prosecutorial discretion. It also notes that the Department of Justice'[s] internal guidelines are just that—guidelines—and are immune from judicial scrutiny in the absence of a showing of invidious considerations. The court agrees with the government." *United States v. Nguyen*, 928 F. Supp. 1525, 1544 (D. Kan. 1996);

3

Prohibiting inquiry into the capital case review process makes sense when one considers the product of that process. A decision to seek the death penalty is not adjudicative. "It is a determination to seek a particular result conducted in a judicial forum with the full protection of the adversarial system of justice. The life of a defendant named in a notice of intention to seek the death penalty is protected by the trial process . . . ." *Nichols*, 931 F. Supp. at 752; *see also United States v. George*, 2019 WL 537186, 2019 U.S. Dist. LEXIS 21642, at *15 (E.D. La. Feb. 11, 2019) ("George's argument ignores the important distinction between the government's decision to seek the death penalty and a jury's determination that the death penalty is warranted."); *McVeigh*, 944 F. Supp. at 1484 ("The constitutional protections of the life and liberty of a defendant are provided by the sentencing hearing following trial of the charges in the indictment. The issuance of these notices is essentially a prosecutor's charging decision.").

**III.     Separation of powers bars court intervention in the capital case review process.**

Defendant's request for the Court to insert itself into the capital case review process runs afoul of the constitutional separation of powers. The co-equal branches are barred from encroaching on each other's territory, and Defendant's motion asks the Court to wade into a process that is delegated to the Executive Branch. *See Slone*, 969 F. Supp. 2d at 836-37. "When judicial process and executive prerogative conflict, courts must 'resolve those competing interests in a manner that preserves the essential functions of each branch.'" *Id*. at 837 (quoting *United States v. Nixon*, 418 U.S. 683, 707 (1974)).

"In our adversarial system, investigatory and prosecutorial decisions are 'made outside the supervision of the court.'" *Id*. at 837 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 807 (1987)). They are core executive functions. *Id*. (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). Deciding the appropriate possible sanction for

4

commission of a crime is part and parcel with the charging decision. The principle of separation of powers prohibits the Court and Defendant from inquiring into DOJ's charging process.

## ARGUMENT

### IV. Defendant seeks irrelevant testimony from USA Minkler and, consequently, the subpoena served on him should be quashed.

Defendant identified ten topics on which USA Minkler will be examined. [*See* DN 326-1 at 18-19.] Each of those topics is intertwined with the capital case review process or concerns a topic that someone else can speak on with greater authority. Questions about James Peterson's and James Warden's investigations can be directed at them while they are witnesses, obviating the need for USA Minkler to testify about topics one and two. USA Minkler should not be compelled to testify about topics three and four because he did not make any decisions about what information should be disclosed to Defendant and the Court.[2] The people who made those decisions and disclosures can be questioned. Topics five through ten are all focused on the capital case review process, which, as detailed above, is irrelevant and not a permissible topic for inquiry by Defendant or the Court.

### V. The subpoena should be quashed because it seeks information protected by the deliberative process privilege.

Even if the capital case review process were found to be relevant, USA Minkler is protected from providing testimony by the deliberative process privilege. The deliberative process privilege protects from disclosure "communications that are part of the decision-making process of a governmental agency." *Jones v. City of Indianapolis*, 216 F.R.D. 440, 449 (S.D. In. 2003). The subpoena seeks for USA Minkler to provide testimony on pre-decisional and deliberative topics related to the Attorney General's decision to seek the death penalty. [*See* R.

---

[2] Should the testimony of other witnesses reveal that USA Minkler was involved, the Department of Justice will reevaluate whether to authorize USA Minkler to testify.

326-1 at 18-19.] The Seventh Circuit has ruled that deliberative communications related to a particular agency decision are protected by this privilege. *Kennedy v. United States EEOC*, 2014 WL 4908716, 2014 U.S. Dist. LEXIS 137662, at *11-12 (S.D. In. Sept. 29, 2014) (citing *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993)). Moreover, due to the specific allegations in this case related to the capital case review process, Defendant has been provided with documents, specifically identified in Defendant's exhibit list, that obviate the need for USA Minkler's testimony. [DN 376-2, Defendant's Exhibit List for May 6, 2019 Hearing.][3]

**V.      The Department of Justice has denied Defendant's *Touhy* request.**

5 U.S.C. § 301 provides that the "head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." In the seminal case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court upheld the validity of a Department of Justice regulation centralizing the disclosure of agency documents and found that an agency employee could not be held in contempt when he refused to submit to a subpoena "on the ground that the subordinate is prohibited from making such submission by his [supervisor]." *Id*. at 467. In *Touhy*, an FBI agent refused, at the direction of the Attorney General pursuant to Department of Justice regulations, to testify in a United States District Court in Illinois. The District Court held the agent in contempt, and the Court of Appeals reversed. Upon review, the Supreme Court held the agent could not be held in contempt for failure to provide subpoenaed information where the appropriate authorization was not given pursuant to the agency's regulations.

---

[3] Production of documents related to the capital case review process does not waive the privilege as deliberative process privilege is treated differently than other privileges. *See, e.g.*, *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Ct. App. 1997).

Since that time, many agencies have promulgated regulations that centralize decisions concerning the appropriate response by an employee within the agency to a subpoena for documents or testimony. The Department of Justice's *Touhy* regulations are published at 28 C.F.R. §§ 16.21 – 16.29, and apply to all Department of Justice employees.

The Department of Justice's *Touhy* regulations provide the procedures to be followed when an employee—like USA Minkler—is subpoenaed in legal proceedings. 28 C.F.R. § 16.26(a) requires Department of Justice officials to consider whether disclosure of the information requested is: (1) appropriate under the rules of procedure governing the case or matter in which the demand arose; and (2) appropriate under the relevant substantive law concerning privilege.

Pursuant to 28 C.F.R. §§ 16.23, 16.24, and 16.26, Josh Minkler has not been authorized to provide testimony in this case. [DN 355-1, April 8 letter to Monica Foster.] As articulated in the *Touhy* denial letter, the USA Minkler was not authorized based on three main points:

1) Defendant has not met the requirements for obtaining testimony from a high government official;

2) USA Minkler does not possess unique knowledge on the identified topics;

3) Defendant has no substantive or procedural rights in the capital case review process so any information about that process is irrelevant.

Since Defendant's *Touhy* request has been denied pursuant to DOJ's *Touhy* regulations, this decision should be upheld by the Court and the subpoena issued to USA Minkler should be quashed.

## **CONCLUSION**

For the above reasons, the subpoena served on USA Josh Minkler should be quashed in its entirety.

        Respectfully submitted,

        RUSSELL COLEMAN
        United States Attorney

        *s/ David Weiser*
        Assistant U.S. Attorney
        Western District of Kentucky
        717 West Broadway
        Louisville, KY 40202
        (502) 625-7068
        david.weiser@usdoj.gov
        Special Assistant U.S. Attorney
        Southern District of Indiana

## CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2019, a copy of the foregoing Memorandum In Support Of Motion To Quash Subpoena To United States Attorney For The Southern District Of Indiana Josh Minkler, was filed electronically. Notice of this filing will be sent to the applicable parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        *s/ David Weiser*
        Assistant U.S. Attorney
        Western District of Kentucky
        Special Assistant U.S. Attorney
        Southern District of Indiana