UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 2:16-cr-0018-WTL-CMM |
| ANDREW N. ROGERS, | ) |
| Defendant. | ) |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, William S. McCoskey, Assistant United States Attorney, Abhishek S. Kambli, Assistant United States Attorney ("the Government"), and the defendant, Andrew N. Rogers ("the defendant"), in person and by counsel, Monica Foster, Nathan D. Chambers, Patrick J. Burke, and Gwendolyn M. Beitz, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

**1.** **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Indictment:

Count 1, which charges the defendant with First Degree Premeditated Murder, in violation of Title 18, United States Code, Section 1111.

2. **Potential Penalties**:

The offense charged in Count 1 is punishable by death or imprisonment for life and a $250,000 fine.

3. **Elements of the Offense**:

To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt: (i) On the date charged in the indictment, the defendant unlawfully killed Thomas W. Sim; (ii) The defendant killed Thomas W. Sim with malice aforethought; (iii) The killing was premeditated; and (iv) The killing took place within the territorial jurisdiction of the United States.

## Part 2: General Provisions

4. **18 U.S.C. § 3553(a) and Sentencing Guidelines**: The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below. The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9 below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history, and advisory sentencing guideline range will be made by the Court.

5. **Rule 11(c)(1)(C), Fed. R. Crim. P.**: The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties

2

understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6.  **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7.  **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.  **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having

already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3: Sentence of Imprisonment

9. **Agreed Upon Sentence Pursuant To Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

    A. **Imprisonment:** Life without the possibility of parole.

    B. **Extent of Rule 11(c)(1)(C) Agreement:** The provisions set forth in paragraph(s) 9a, above, is/are the only provision(s) of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

10. **Additional Provisions:**

    A. **Withdrawal of Notice of Intent to Seek Death Penalty:** The Government agrees that in the event the defendant fully and completely abides by all conditions of this agreement, the government will withdraw the Notice of Intent to Seek Death Penalty (Dkt. No. 13) following imposition of sentence in accordance with this agreement.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

4

**B.     Fine:** The parties reserve the right to present argument on whether a fine should be imposed in this case and the amount of such fine.

**C.     Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**D.     Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, the obligation to pay the financial component is a continuing one. The defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

**E.     Placement:** The Government does not object to any requested recommendation of the defendant for placement by the Bureau of Prisons, specifically that he remain incarcerated at the United States Penitentiary, Administrative Maximum Facility, Florence, Colorado. The defendant acknowledges and understands that, even if the defendant's request is accepted by the Court, any placement recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

**F.     Programs and/or Treatment:** The Government agrees that it will not object to any request by the defendant for placement by the Bureau of Prisons in any specific programs or treatment during the defendant's service of the sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court regarding such participation is only a recommendation and does not bind the Federal Bureau of Prisons.

## Part 4: Factual Basis for Guilty Plea

11.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of additional evidence at the time of sentencing, and the Government reserves the right to present such evidence.

   A.     Commencing on July 25, 2013, the defendant was incarcerated at the Federal Correctional Complex, Terre Haute, Indiana (FCCTH), were he was serving a sentence of 324 months' incarceration imposed following his pleas of guilty to and convictions on one count of interference with interstate commerce by robbery, in violation of 18 USC § 1951(a), one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 USC § 924(c)(1)(A)(ii), and one count of possession of a firearm by a felon, in violation of 18 USC § 922(g)(1), in *United States v. Andrew Rogers*, Cause No. 1:12CR10152-001, in the United States District Court for the Central District of Illinois.

   B.     On December 26, 2013, the defendant murdered his cellmate, Thomas W. Sim, inside their cell at the FCCTH.

   C.     When correctional officers discovered Sims' body, his hands were tied behind his back and there appeared to be multiple stab wounds to his neck and chest.

   D.     Shortly after the murder was discovered, the defendant told the Warden of the FCCTH that "I'll kill anyone you put in the cell with me. I will keep killing until I

force you guys to give me the death penalty . . . . I'm not going to do the rest of my time in a bathroom with another roommate."

**E.** Later that same day, the defendant waived his Miranda rights and made a statement that he killed Sim because he did not want to spend the next thirty years with another man in a cell the size of a bathroom. The defendant said his goal "was to make it look somewhat heinous, cause I'm shooting for the death penalty." The defendant explained that he planned the murder for approximately three weeks. The defendant also stated that he employed a ruse to get Sim to consent to being bound before strangling and stabbing him approximately 20 times with a piece of metal he had removed from the frame of a bed in the cell and fashioned into a weapon.

**F.** The autopsy revealed that Sim had been stabbed approximately 18 times and the cause of death was wounds to the neck and chest, two of which penetrated the heart, one perforated the pulmonary artery, and one perforated the ascending aorta.

**G.** During a post-*Miranda* interview on March 12, 2014, the defendant identified a photograph of a homemade metal weapon recovered from his cell after the homicide stating, "that's my shank," and "I stabbed my cellie to death with it."

**H.** The FCCTH is a place within the territorial jurisdiction of the United States and is within the Southern District of Indiana.

### Part 5: Other Conditions

**12.** **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited

from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

## Part 6: Sentencing Guideline Stipulations

13. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties make no stipulations regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines, and agree that such determination will be made by the Court. These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 9A, above. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

  A. **Base Offense Level:** The defendant committed the offense of first degree premeditated murder, in violation of 18 U.S.C. § 1111. This results in a base offense level of 43, with a sentence of life imprisonment, pursuant to U.S.S.G. § 2A1.1(a), and comment. (n.2(A)).

  B. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a

plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

      **C.**     **Final Offense Level: 40**

### Part 7: Waiver of Right to Appeal

**14.**    **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant agrees that in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute(s) to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute(s). This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the amount of any fine.

**15.**    **Pending Motions:** The parties also agree that all motions for relief currently pending with the Court are rendered moot upon sentencing consistent with this Rule 11(c)(1)(C) plea agreement.

16. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

### Part 8: Presentence Investigation Report

17. The defendant waives his right to the preparation of a presentence investigation by probation officers of the United States District Court. Rule 32(c)(1)(A)(ii), Fed.R.Crim.P.

### Part 9: Statement of the Defendant

18. By signing this document, the defendant acknowledges the following:

    A. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

**B.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.** I have read the entire Plea Agreement and discussed it with my attorney.

**D.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

**I.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**J.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**K.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 10: Certificate of Counsel

**19.** By signing this document, the defendant's attorney and counselor certifies as follows:

**A.** I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**C.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.** In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 11: Final Provision

20. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

5/3/19
Date

William L. McCoskey
Assistant United States Attorney

5/3/19
Date

Abhishek S. Kambli
Assistant United States Attorney

5/3/19
Date

Andrew N. Rogers
Defendant

5/3/2019
Date

Monica Foster
Counsel for the Defendant

5/3/19
Date

Nathan D. Chambers
Counsel for the Defendant

5/3/19
Date

*(signature)*
Patrick J. Burke
Counsel for the Defendant

5/3/2019
Date

*(signature)*
Gwendolyn M. Beitz
Counsel for the Defendant

15